## WALES v. THE INDEPENDENT SCHOOL DISTRICT OF ALBIA.

1. **Practice: SPECIAL FINDING: INSTRUCTION.** Where, under a plea of settlement, the jury found specially that the settlement as claimed in the defense had been made, the plaintiff was not prejudiced by a refusal to instruct the jury at length as to the law of settlement.

*Appeal from Monroe District Court.*

THURSDAY, OCTOBER 10.

THE plaintiff alleges that the defendant employed plaintiff as a teacher and principal in the schools of defendant for eight months, at one hundred dollars per month, with the stipulation that "either party shall have the right to annul said contract by giving thirty days' notice;" that at the expiration of four months the board of directors, without the thirty days' notice, and without fault on the part of plaintiff, or any just cause or excuse, annulled the contract, and sum-

marily discharged the plaintiff; that plaintiff received seventy dollars from defendant after said wrongful breach of the contract. The plaintiff claims of defendant the sum of three hundred and thirty dollars, the remainder alleged to be due him under the contract.

The answer in substance alleges that the board held a meeting December 27, 1877, at which plaintiff was present, and permitted to make defense, and at which it was moved that A. J. Wales be discharged as principal of the Albia High School, for conduct unbecoming a gentleman, which motion prevailed unanimously; that plaintiff, in consideration of the payment to him of seventy dollars, made a settlement with defendant of all claim against it; that defendant had the right to annul the contract by giving thirty days' notice, and that, independently of any settlement, the contract would be annulled at the expiration of thirty days after the 27th day of December, 1877, and plaintiff would have no right after that time to claim under the contract. The jury returned a verdict for the defendant. The following special finding was submitted to the jury: "The jury will find specially whether or not there was a settlement between the parties as alleged in defendant's answer. Was there a settlement as above?" To this the jury answered, "Yes."

The motion for a new trial was overruled, and judgment was rendered for defendant. The plaintiff appeals.

*A. J. Wales, pro se,* and *A. H. Stutsman,* for appellant.

*Perry & Townsend* and *Dashiell & Andrews,* for appellee.

DAY, J.—The special finding of the jury is abundantly sustained by the evidence, and is conclusive of the rights of the parties, unless connected therewith there has been some error of law prejudicial to the plaintiff. The answer alleges that

1. PRACTICE: special finding: instruction

on the 22d day of December, 1877, the plaintiff ordered an adjournment of the schools for two weeks, and about the same time, with the con-

currence of the board, the plaintiff gave a public exhibition, of which the clear receipts were fifty-seven dollars and eighty-five cents, which it was mutually agreed between plaintiff and the board should be turned over to the board for the purchase of a school district library, and which the plaintiff, when requested to do so, refused to turn over. The answer further alleges as follows: "Defendant further states that on the 29th of said month, the plaintiff still refusing and failing to pay over or account for said money, proposed to the president of the board that he would turn over said fifty-seven dollars and eighty-five cents to the board, and settle all his claims under said contract as teacher, if the board would pay him in advance the sum of seventy dollars, being the full amount that would otherwise be due him should he teach the full number of school days there would otherwise be for him to teach during the thirty days following the notice of his dismissal, deducting the vacation. To this the board agreed, and the plaintiff turned over the said money so wrongfully in his hands, and the defendant paid him the said seventy dollars, as requested by him, and thus all matters were settled between these parties connected with said contract, and on the strength of which the defendant employed another teacher, and has been acting upon the contract ever since, all without objection by the plaintiff, until a long space of time afterwards. So the defendant says the plaintiff has no right to recover."

The question submitted to the jury for special finding, and answered by them in the affirmative, is as follows: "The jury will find specially whether or not there was a settlement between the parties as alleged in defendant's answer. Was there a settlement as above?"

The plaintiff asked three instructions, setting forth at great length and with much particularity the law respecting the question of settlement. The court refused them, and this refusal is assigned as error. The answer, it will be observed, sets forth the specific facts which, it is alleged, constitute the settlement. If these facts exist they amount to a settlement.

The special finding of the jury is to the effect that the facts alleged in the answer as constituting a settlement are established by the testimony; in other words, that facts have been proved which, in law, amount to a settlement. This being the nature of the special finding, it is apparent that the plaintiff sustained no prejudice by the refusal of the court to direct the jury what facts are necessary to constitute a settlement. This view renders unnecessary a consideration of the other questions presented by appellant.

AFFIRMED.